IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREYHOUND LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CV191 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT WADE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DEBRA JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:03CV79 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT N. WADE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

These matters are before the court on the MOTIONS FOR RELIEF FROM JUDGMENT filed on November 22, 2005 by Robert N. Wade and Archway Cookies, L.L.C. (together, "Defendants").

I. PROCEDURAL HISTORY

These cases stem from a single collision between a bus and a tractor-trailer truck on August 22, 2000. Debra Johnson was driving a Greyhound bus full of passengers on Interstate 80 in Buffalo County, Nebraska. Robert Wade was driving a semi-trailer owned by Archway Cookies. The semi rear-ended the Greyhound bus, which had been unable to maintain speed on the highway and continued to drive on Interstate 80 at speeds below the posted minimum.

Trial was bifurcated on the issues of liability and damages. All parties waived a jury as to the liability phase, and trial was held before the undersigned magistrate judge on October 5-7, 2004 on the issue of liability. On November 30, 2004, I entered a Memorandum and Order memorializing these findings:

- Considering the heightened standard of care owed by a common carrier, Johnson acted negligently in continuing to drive the bus in its impaired condition when she could have parked it on the shoulder of the Interstate.

- Wade was negligent as a matter of law under Nebraska's range of vision rule, and no exception to the rule applied in this case.

- Eighty-five (85) percent of the negligence should be attributed to Robert Wade and his former employer, Archway. The remaining fifteen (15) percent of the negligence should be attributed to Debra Johnson and her former employer, Greyhound.[1]

Defendants' MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR PERMISSION TO APPEAL the ruling on liability was denied[2], and the cases were scheduled for further discovery and separate jury trials on the issue of damages.

An additional defense attorney, Thomas Locher, entered his appearance in both cases on October 20, 2005 by filing a motion to continue the progression order deadlines. Certain deadlines were extended as requested, and jury trials were set for November 15, 2005 in both cases.

---

[1] After these findings were made, the parties settled a related case, *Augyte, et al., v. Greyhound Lines, Inc., et al.*, 4:02CV3312.

[2] In that motion, Defendants asked the court to amend the judgment pursuant to Fed. R. Civ. P. 59(e) and/or 52(b) to correct alleged "errors," or to authorize an interlocutory appeal pursuant to 28 U.S.C. § 1292. The major points of contention were (a) the finding that Debra Johnson's trial testimony, "on the whole, was accurate and reliable" and (b) Defendants' dissatisfaction with adverse pretrial rulings on their argument that Greyhound was guilty of spoliation of evidence due to its destruction of the electronic control module (ECM) and engine of the bus when the bus was rebuilt.

On October 20, 2005, Mr. Locher filed a motion to continue the trial in *Greyhound v. Wade*, 8:02CV191, because *Johnson v. Wade*, 8:03CV79, had settled in mediation on October 15, 2005, and the *Johnson* settlement required the approval of certain government agencies. The motion concluded:

> In the matter of Greyhound Lines, Inc. v. Archway Cookies et al, the Parties have stipulated that the final Order by this Court be entered at or about the same time as the final order of this Court in the matter of Johnson, et al v. Archway Cookies, LLC, because of the commonality of some of the issues in the cases, so until it is finally determined that the later proceeding is ripe for dismissal, no final order of this Court should be entered in either proceeding. That the Defendants intend to advise the Court immediately once all conditions of the Settlement Agreement are completed and a Motion for Dismissal With Prejudice can be filed.

Filing 169, ¶ 4.

A final pretrial conference was held in chambers on October 24, 2005, in *Greyhound v. Wade*, 8:02CV191. At that time, it was determined that the case would be submitted by stipulation, without trial. Plaintiff's exhibit no. 7, a STIPULATION ON DAMAGES ISSUES (Filing 175 in 8:02CV191), was received and a briefing schedule entered. The parties then submitted briefs (Filings 172, 176 & 177) on the issue of whether Greyhound is entitled to a loss of use award. Those issues remain pending.

Two weeks later, on November 22, 2005, Defendants filed their motion to set aside the November 30, 2004 "judgment" on liability. The motion was filed in both *Greyhound v. Wade*, 8:02CV191 and *Johnson v. Wade*, 8:03CV79, although the *Johnson* settlement was–and still is–pending before the Social Security Administration for approval.[3]

---

[3] I note that Johnson did not respond to the pending MOTION FOR RELIEF FROM JUDGMENT; however, by letter dated December 21, 2005, Johnson's attorneys did submit a Status Report (Filing 236 in 8:03CV79) advising that promptly after mediation, a Special Needs Trust was submitted for government approval. The Social Security Administration had not yet acted on the request.

## II. DISCUSSION

In summary, Defendants contend the finding of liability should be set aside pursuant to Fed. R. Civ. P. 60(b)(2) or (3) based on "newly discovered evidence" that Debra Johnson was not competent to testify at trial or, in the alternative, that her trial testimony was untruthful and fraudulent. Under Rule 60(b), "the court may relieve a party from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party [.]"

"Motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor." *U.S. Xpress Enter., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003). The rule provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Schwieger v. Farm Bureau Ins. Co. of Nebraska*, 207 F.3d 480, 488 (8th Cir. 2000) (internal citations omitted).

"In order to prevail under Rule 60(b)(2), the movant must show that: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schwieger v. Farm Bureau Ins. Co. of Nebraska,* 207 F.3d at 487; *accord U.S. Xpress Enter., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d at 815.

In this instance, the Defendants' Rule 60(b) motion amounts to nothing more than an embellished version of its earlier motion to alter or amend the November 30, 2004 order allocating liability.

Nor have the defendants met the requirements for obtaining relief under Rule 60(b). First, a significant number of the evidentiary materials[4] cited by the Defendants consist of

---

[4] The court has used the Index filed December 14, 2005 in *Greyhound v. Wade*, 8:02CV191 (Filing 183), assuming that the Defendants intended this Index to supersede the original Index (#180) it filed on November 22, 2005 in light of Greyhound's comments that only one of Defendants' 20

information known to them well before the liability phase trial was held in October 2004. The only information they actually "discovered" after October 2004 consists that derived from additional depositions taken and an independent neuropsychological evaluation conducted in *Johnson v. Wade*, 8:03CV79, during the time period from September 30, 2005 through October 21, 2005.[5]  Four of the depositions (Exhibits 5, 6, 7, 9) relate to Debra Johnson's medical history and treatment.  This topic was–or should have been–thoroughly explored before the liability phase trial.  Two depositions (Exhibits 9 and 11) pertain to Debra Johnson's criminal record, another topic which was–or should have been–thoroughly explored before the liability phase trial.  The Defendants have not given any good or convincing reason why they could not have discovered this information before the trial on liability.  Furthermore, the proffered evidence is merely cumulative or impeaching, as these issues were considered both before and during trial after the Defendants had a full opportunity to conduct the necessary discovery.

I must note that, even considering these materials, this "newly discovered" evidence would not produce a different result in this court if the liability phase were re-tried.  I reiterate: "Before the trial began, the court held a competency hearing and determined on the record that Debra Johnson was competent to testify.  Noting Wade's and Archway's arguments to the contrary, the court finds that Johnson's testimony, on the whole, was accurate and reliable.  Evidence of a Colorado felony conviction for failure to make payments on a car purchased on a 'lease with option to buy' contract did little, if anything, to impeach Johnson's credibility." *Greyhound v. Wade*, 8:02CV191, Filing 152 at n.2 (Nov. 30, 2004 Memorandum & Order on Liability Phase).  In any event, as fully discussed in the

---

exhibits met the foundation and authentication requirements for evidence presented in federal court. *See* Greyhound's BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT, Filing 181 in 8:02CV191, at p.2.  The court will assume, without deciding, that these materials are properly authenticated.

[5]At that time, *Greyhound v. Wade* and *Johnson v. Wade* were set for separate jury trials on the issue of damages and the cases were no longer consolidated.  Greyhound is not a party to the *Johnson* case, and there is no record that Greyhound was given formal or legally adequate notice of these depositions.  Remarkably, three of the depositions were taken on October 21, 2005, nearly a week after defense counsel notified the court that *Johnson v. Wade* had settled in mediation.

November 30, 2004 Memorandum and Order, the decision on liability was not based solely on Debra Johnson's testimony but on the record as a whole.

The same is true with respect to Defendants' renewed complaint that Greyhound is guilty of spoliation of evidence due to the destruction of the electronic control module (ECM) and engine of the bus when the bus was rebuilt. The eyewitnesses who saw the speedometer testified that the bus was able to reach a speed of only 33 to 35 miles per hour. Johnson testified that she was driving the bus in fourth gear at about 35 miles per hour. The collision occurred on a straight, level road in moderate traffic under ideal weather conditions, and various witnesses testified that the bus could be seen on the road from distances of up to one mile. Greyhound's expert witness, whose evidence I credit, acknowledged that he could not determine the speed of the bus at the time of impact because the bus was driven to a controlled stop and there was no skid mark to measure; however, he was able to determine that the semi was going about 75 miles per hour at impact. Assuming the bus was going 40 miles per hour and the Archway truck was going 75 miles per hour, and Wade reacted at the very same point he actually did react, the semi still would have hit the bus. "Even if she was going 40, given the actions of the semi driver, there still would have been a collision." Filing148 in 8:02CV191 (Trial Transcript, Vol. 2, 332:15-16). There is also Defendant Wade's adamant testimony that he was completely unaware of the presence of the bus until he looked up from reading his transmission gauge and saw the bus approximately 300 feet in front of him. Johnson and Greyhound have admitted that the bus was traveling less than the 40 mile per hour minimum speed. The expert testimony strongly suggests that the semi would have hit the bus even if the bus was going 40 miles per hour, considering that Wade, for some reason, did not see the thoroughly visible bus and hit it at a speed of 75 miles per hour without braking. Under these circumstances, it is not likely that a timely analysis of the ECM would have provided any information that was not merely cumulative or impeaching or that would mandate a different result at trial.

I find that the Defendants have not met any of the requirements that would entitle them to relief under Fed. R. Civ. P. 60(b)(2), as interpreted by the Court of Appeals in *Schwieger v. Farm Bureau Ins. Co. of Nebraska,* 207 F.3d 480, 487 (8th Cir. 2000), and *U.S. Xpress Enter., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003).

Turning to Defendants' sketchy allegations that they are entitled to relief under Fed. R. Civ. P. 60(b)(3), the Defendants "must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). Having rejected Defendants' spoliation argument at least three times, and noting that Greyhound is not in any way responsible for any testimony, affidavits, trial strategy or other decisions made by or on behalf of Debra Johnson, it is obvious that the Defendants have failed to meet this burden. The court declines to consider the issue as to Debra Johnson's claims against the Defendants in light of defense counsel's professional representation that the parties have reached a settlement in that case.

### III. ORDER

The Defendants have utterly failed to prove any of the elements necessary to obtain relief under Fed. R. Civ. P. 60(b)(2) or (3), and their motion was filed in *Johnson v. Wade*, 8:03CV79, while a negotiated settlement is pending for approval before the Social Security Administration. Under the circumstances, the court might be inclined to award sanctions against moving counsel pursuant to 28 U.S.C. § 1927[6] but will not do so because sanctions were not requested by opposing counsel. That opportunity is, therefore, deemed waived.

**IT IS ORDERED** that the MOTIONS FOR RELIEF FROM JUDGMENT filed on November 22, 2005 by Robert N. Wade and Archway Cookies, L.L.C. are denied.

**DATED February 10, 2006.**

                                      **BY THE COURT:**

                                      **s/ F.A. Gossett**
                                      **United States Magistrate Judge**

---

[6] Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."